UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HELENE ATTIAS, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>MARS PETCARE US, INC.,<br><br>                Defendant. | Case No. 3:25-cv-00507<br><br>Chief Judge Campbell<br>Magistrate Judge Frensley |

## STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1. **General Provisions & Definitions**

   a. This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. Except as specifically set forth herein, this Order does not alter or affect the applicability of the Federal Rules of Civil Procedure or Local Rules for the United States District Court for the Middle District of Tennessee.

   b. "Party" or "Parties" means one or more of the parties in the above-captioned litigation.

2. **Cooperation.** The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

3. **Preservation.** A Party has an obligation to take reasonable and proportional steps to preserve discoverable ESI in the Party's possession, custody or control. The Producing Party is best situated to evaluate and defend the methods and protocols appropriate for preserving its own ESI.

a. The following categories of ESI do not automatically have to be preserved, and if any Party intends to request the preservation or production of these categories, then that intention should be discussed as soon as practicable:

   i. Active ESI in a format whose preservation requires modification of the procedures used by the Producing Party in the ordinary course of business to back up and archive data;

   ii. Data in metadata fields that are frequently updated automatically; and

   iii. Other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business, including legacy or not reasonably accessible ESI.

b. If a dispute arises regarding the scope of a Party's obligation to preserve ESI, any Party may seek an expedited ruling from the Court on the issue. If appropriate, the Court may require a party who has made an overbroad or disproportionate preservation demand to bear some or all of the Producing Party's expenses in preserving the disputed ESI.

4. **Collection.** The Producing Party is in the best position to determine the method by which it will collect ESI. To the extent the Parties have a dispute regarding the method of collection, the Parties will submit promptly such a dispute to the Court for resolution.

5. **Search.** The Producing Party is best situated to evaluate the methods and protocols appropriate for searching its own ESI. ESI searches shall be done using methods and protocols selected by the Producing Party, if reasonable and likely to locate relevant ESI. To the extent the Parties have a dispute regarding search methodology, the Parties will submit promptly such a dispute to the Court for resolution.

6. **Form of Production.** ESI shall be produced in a form or forms that is reasonably usable and proportionate, considering such factors as the cost of the form(s) of production, the volume of ESI at issue, and whether there is a need for searchability and metadata. To the extent the Parties have a dispute regarding form of production, the Parties will submit promptly such a dispute to the Court for resolution.

7. **Privilege.**

    a. The production of ESI shall not constitute a waiver of the attorney-client privilege or work product protection, even though there is a failure to take reasonable steps to prevent production of information covered by the attorney-client privilege or work product protection, or a failure to take reasonable steps to rectify the error.

    b. Parties are not required to include on privilege logs any document generated after the filing of the Complaint. If a log is produced, the Parties will discuss forgoing using traditional document-by-document logs in favor of alternate logging methods, such as identifying information by category or including only information from particular metadata fields (e.g., author, recipient, date). Compliance with the logging provisions of this section shall not constitute a waiver of any privilege or protection.

    c. No provision of this Order limits the authority of the Court to issue a non-waiver order on other terms and conditions pursuant to Fed. R. Evid. 502(d).

8. **Costs.** The costs, including attorney fees and vendor fees, of eDiscovery normally shall be borne by the Producing Party. However, the Court may apportion the costs of eDiscovery upon a showing of good cause. The Court, on motion of one of the Parties, will consider the following non-exclusive factors in determining whether any or all

eDiscovery costs should be borne by the Requesting Party: (1) the extent to which the request is specifically tailored to discover relevant information; (2) the availability of such information from other sources; (3) the total cost of production compared to the amount in controversy; (4) the total cost of production compared to the resources available to each party; (5) the relative ability of each Party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; and (7) the relative benefits of obtaining the information.

9. **Court Order.** Nothing in this Order limits the authority of the Court to issue an eDiscovery order on other terms and conditions. This Order may be amended, in whole or in part, by further Order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 15, 2025

Respectfully submitted,

 /s/ Brittany S. Scott
Brittany S. Scott (*pro hac vice*)
SMITH & KRIVOSHEY, PC
166 Geary Str STE 1500-1507
San Francisco, CA 94108
(415) 839-7077
brittany@skyclassactions.com

Mark N. Foster (TN Bar No. 023626)
LAW OFFICE OF MARK N. FOSTER, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com

*Counsel for Plaintiff*

                                     */s/ Marliese A. Dalton*
                                     Marliese A. Dalton (TN Bar No. 040400)
                                     Stephen D. Andrews (*pro hac vice*)
                                     Kaitlin D. Wetz (*pro hac vice*)
                                     WILLIAMS & CONNOLLY LLP
                                     680 Maine Avenue, S.W.
                                     Washington, DC 20024
                                     Telephone: (202) 434-5000
                                     mdalton@wc.com
                                     sandrews@wc.com
                                     kwetz@wc.com

                                     *Counsel for Defendant Mars Petcare US, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

  December 16, 2025                                                      
Date                                            Jeffery S. Frensley
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Brittany S. Scott
SMITH & KRIVOSHEY, PC
166 Geary Str STE 1500-1507
San Francisco, CA 94108
(415) 839-7077
brittany@skyclassactions.com

Mark N. Foster
LAW OFFICE OF MARK N. FOSTER, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com

Respectfully submitted,

 /s/ Marliese A. Dalton
Marliese A. Dalton (TN Bar No. 040400)
Stephen D. Andrews (*pro hac vice*)
Kaitlin D. Wetz (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
mdalton@wc.com
sandrews@wc.com
kwetz@wc.com

*Counsel for Defendant Mars Petcare US, Inc.*